## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STEPHEN JONES, an individual** | ) | Case No.     **1:22-cv-00770-RDM** |
| 1200 23rd Street, NW | ) | |
| Washington, DC 20037 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FIRST AMENDED COMPLAINT** |
| | ) | **AND DEMAND FOR JURY TRIAL** |
| **SINEWAVE VENTURES, LLC** | ) | |
| 2231 Crystal Drive, Suite 201 | ) | |
| Arlington, VA 22202 | ) | |
| -and- | ) | |
| 1390 Market Street, Suite 200 | ) | |
| San Francisco, CA 94102 | ) | |
| **SINEWAVE VENTURES FUND I** | ) | |
| **PARTICIPATION PLAN, LLC** | ) | |
| 2231 Crystal Drive, Suite 201 | ) | |
| Arlington, VA 22202 | ) | |
| -and- | ) | |
| 1390 Market Street, Suite 200 | ) | |
| San Francisco, CA 94102 | ) | |
| **SINEWAVE VENTURES GP, LLC** | ) | |
| 2231 Crystal Drive, Suite 201 | ) | |
| Arlington, VA 22202 | ) | |
| **YANEV SUISSA, an individual** | ) | |
| 2231 Crystal Drive, Suite 201 | ) | |
| Arlington, VA 22202 | ) | |
| -and- | ) | |
| 1390 Market Street, Suite 200 | ) | |
| San Francisco, CA 94102 | ) | |
| **SINEWAVE VENTURES DIRECT** | ) | |
| **1, L.P.** | ) | |
| 1390 Chain Bridge Road, #A177 | ) | |
| McLean VA 22101 | ) | |
| **SINEWAVE VENTURES DIRECT** | ) | |
| **2, L.P.** | ) | |
| 1390 Chain Bridge Road, #A177 | ) | |
| McLean VA 22101 | ) | |
| **SINEWAVE VENTURES DIRECT** | ) | |
| **2A, L.P.** | ) | |

|                                                   |     |
| ------------------------------------------------- | --- |
| 1390 Chain Bridge Road, #A177                     | )   |
| McLean VA 22101                                   | )   |
| **SINEWAVE VENTURES DIRECT**                      | )   |
| **3, L.P.**                                       | )   |
| 1390 Chain Bridge Road, #A177                     | )   |
| McLean VA 22101                                   | )   |
| **SINEWAVE VENTURES DIRECT**                      | )   |
| **3A, L.P.**                                      | )   |
| 1390 Chain Bridge Road, #A177                     | )   |
| McLean VA 22101                                   | )   |
| **SINEWAVE VENTURES DIRECT**                      | )   |
| **3B, L.P.**                                      | )   |
| 1390 Chain Bridge Road, #A177                     | )   |
| McLean VA 22101                                   | )   |
|                                                   | )   |
| Defendants.                                       | )   |
|                                                   | )   |

## FIRST AMENDED COMPLAINT

Plaintiff Stephen Jones, by and through his undersigned counsel, brings this action and hereby alleges as follows:

## NATURE OF ACTION

This is an action for breach of contract, quantum meruit and unjust enrichment related to a prior business relationship between plaintiff and defendants.

## PARTIES

1.    Plaintiff Stephen Jones, an individual, at 1200 23rd Street, NW, Washington, DC 20037.

2.    Upon information and belief, defendant SineWave Ventures, LLC ("SineWave Ventures"), an early-stage venture capital firm, is a Delaware limited liability company with is principal places of business in Arlington, Virginia and San Francisco, CA.

3.      Upon information and belief, defendant SineWave Ventures Fund I Participation Plan, LLC ("SineWave Ventures Fund I") is a Delaware limited liability company with its principal places of business in Arlington, Virginia and San Francisco, CA.

4.      Upon information and belief, defendant SineWave Ventures GP, LLC ("SineWave Ventures GP") is a Delaware limited liability company with its principal places of business in Arlington, Virginia and San Francisco, CA.

5.      Upon information and belief, Yanev Suissa, an individual, is Founder and General Partner of SineWave Ventures LLC, General Partner and Managing Member of the SineWave Ventures, GP LLC, and General Partner of SineWave Ventures Fund I, L.P. Participation Plan, LLC and conducts business at 2231 Crystal Drive, Suite 201, Arlington, VA 22202.

6.      Upon information and belief, defendant SineWave Ventures Direct 1, L.P. ("SineWave Ventures Direct 1") is a Delaware limited liability company with its principal place of business in McLean, Virginia.

7.      Upon information and belief, defendant SineWave Ventures Direct 2, L.P. ("SineWave Ventures Direct 2") is a Delaware limited liability company with its principal place of business in McLean,Virginia.

8.      Upon information and belief, defendant SineWave Ventures Direct 2A, L.P. ("SineWave Ventures Direct 2A") is a Delaware limited liability company with its principal place of business in McLean, Virginia.

9.      Upon information and belief, defendant SineWave Ventures Direct 3, L.P. ("SineWave Ventures Direct 3") is a Delaware limited liability company with its principal place of business in McLean, Virginia.

10.     Upon information and belief, defendant SineWave Ventures Direct 3A, L.P. ("SineWave Ventures Direct 3A") is a Delaware limited liability company with its principal places of business in McLean, Virginia.

11.     Upon information and belief, defendant SineWave Ventures Direct 3B, L.P. ("SineWave Ventures Direct 3B") is a Delaware limited liability company with its principal places of business in McLean, Virginia.

### JURISDICTION AND VENUE

12. This Court has personal jurisdiction over defendants pursuant to D.C. Code 13-423(a).

### GENERAL ALLEGATIONS

**Plaintiff Joins SineWave – Employment Agreement No. 1**

13.     Plaintiff joined SineWave Ventures in July 2014 as an Investing Partner with decision-making authority.

14.     The July 2014 employment offer letter from SineWave Ventures to plaintiff indicated that plaintiff would receive an annual salary of $200,000, which such annual compensation beginning upon the first close, or first tranche, of the SineWave Ventures Fund I (the "Employment Agreement No. 1").

15.     This July 2014 offer letter indicated that plaintiff would be expected to raise $10,000,000 for SineWave Ventures Fund I before the final close of SineWave Ventures Fund I. Defendants SineWave Ventures and Yanev Suissa informed plaintiff in July 2014 that the first close of SineWave Ventures Fund I would occur at the end of that month, and such representations were repeated by the defendants in each successive month in 2014 and into early 2015.

16.     As detailed below, the first close of SineWave Ventures Fund I occurred in April 2015 and a final close of SineWave Ventures Fund I occurred in December 2016.

17.    From July 2014 to June 2015, defendants failed to compensate plaintiff or provide any basic benefits despite plaintiff regularly working directly on behalf of SineWave Ventures at the company's then designated office in excess of 60 hours per week, which is exclusive of time plaintiff spent working off-site on behalf of SineWave Ventures and time spent traveling specifically for business reasons for SineWave Ventures.

18.    From July 2015 to December 2016, defendants paid plaintiff $5,000 per month to cover his business expenses.  In or around December 2016, defendants also paid plaintiff a "one time" additional payment of approximately $50,000 to cover plaintiff's previously unreimbursed business expenses related to his work on behalf of SineWave Ventures. However, this additional payment of approximately $50,000 did not cover all of plaintiff's unpaid business expenses incurred, which were a significantly greater amount.

19.    In or around February 2017, defendants paid plaintiff one month of salary, based on a pro rata annual salary of $165,000 -- $13,750.  Subsequently, defendants paid plaintiff an additional amount equal to 10 days of salary for the period February 1-10, 2017, again based on a pro rata annual salary of $165,000 – approximately $4,500.

20.    Other than the amounts specified in Paragraphs 18 and 19 above, defendants did not pay plaintiff any additional amounts due and owing under the Employment Agreement No. 1.

**Initial Investments in and Formation of SineWave Ventures Fund I and SineWave Ventures GP**

21.    Prior to July 2014, defendant Yanev Suissa formed SineWave Ventures Fund I as a vehicle to raise investment money for purposes of investing in start-up companies.  At this time, defendant Yanev Suissa formed SineWave Ventures GP for purposes of making direct investments and receiving potential profits in SineWave Ventures Fund I that would be distributed to

participating members of SineWave Ventures Fund I Participation Plan, LLC, which was established in 2016.

22.     In July 2014 and in subsequent months that year, defendant Yanev Suissa informed plaintiff that a significant amount of capital already was committed to the SineWave Ventures Fund I towards the target fundraising amount of $100,000,000.[1] This capital was committed by a number of investors and there were three Investing Partners: defendant Yanev Suissa, plaintiff, and a third individual investor ("IP3").   Based on the significant amount of committed capital that was related to have been raised, which would have provided an industry standard management fee that would have been sufficient enough to pay salaries for three Investing Partners, other team members, and other necessary business expenses. From August 2014 until December 2016, relevant fundraising documents for SineWave Ventures Fund I and documentation sent to Limited Partner investors of SineWave Ventures Fund I either listed or indicated plaintiff and defendant Yanev Suissa as the "Firm's Leadership" or "Managing Partners."  The SineWave Ventures Fund I target fundraising amount was $100,000,000.

23.     In or around the Fall of 2014, as part of his role as Investing Partner at SineWave Ventures, plaintiff initiated and organized a number of meetings with several companies in Japan for investment in SineWave Ventures Fund I. Multiple of these companies expressed strong interest to each invest between $2,000,000-$10,000,000 USD in SineWave Ventures Fund I. In these meetings, plaintiff verbally related what had been directly related to him by defendant Yanev Suissa -- that a significant amount of capital towards the fundraising goal of $100,000,000 had

---

[1] The amount of capital purportedly committed to SineWave Ventures Fund I, along with the amounts actually raised towards the $100,000,000 fundraising goal are intentionally omitted from this pleading because that information may be protected under a confidentiality agreement between and among the parties.  Plaintiff will disclose such information upon the entry of an appropriate protective order by the Court.

already been committed by investors to SineWave Ventures Fund I, that there would be three Investing Partners, and that a first close of SineWave Ventures Fund I was expected later in the Fall of 2014.

24.     In or around January 2015, plaintiff came to understand that the representation by defendant Yanev Suissa that investors had made significant capital commitments towards the fundraising goal of $100,000,000 to SineWave Ventures Fund I was not correct, but rather much less capital had actually been committed by investors as of the end of 2014. At that time, the actual amount of capital that had been committed was approximately 20% of the significant amount that was related to plaintiff at the time of joining the Company. In subsequent meetings with interested potential investors in Japan in early 2015, plaintiff was directly asked by his investor candidates based in Japan about the fundraising commitments to date, and plaintiff related the accurate information to the potential investors in Japan, *i.e.*, the funding commitment to date in SineWave Ventures Fund I was the much lower amount of capital raised (*i.e.*, 20% of significant amount that was related to plaintiff) about which plaintiff had subsequently become aware, not the significant amount of committed capital that was originally related to plaintiff.  Plaintiff also subsequently disclosed to these potential investors, upon information and belief, that IP3, the third Investing Partner, had chosen not to join SineWave Ventures Fund I.  As a result of these disclosures, all of these investor candidates in Japan eventually related to plaintiff in 2016 that they would not invest in SineWave Ventures Fund I.

25.     As a result of the incorrect representations by defendant Yanev Suissa as to the amount of actual commitments to SineWave Ventures Fund I in 2014 and the departure of IP3, and the subsequent clarifications and corrections plaintiff was required to relate to the investor

candidates in Japan, defendant Yanev Suissa caused significant reputational damage to plaintiff with important business contacts in Japan, which such reputational harm is ongoing.

26.    There was eventually a first close of the fund on April 15, 2015 of a specific amount.  A final close of SineWave Ventures Fund I occurred on or around December 31, 2016, bringing the total capital raised higher specific amount than the initial close.

27.    From the time of the initial fund closing in April 2015 until the final closing on or around December 31, 2016 related to SineWave Ventures Fund I, plaintiff led SineWave Venture's efforts on investments and portfolio company engagement, and Yanev Suissa led SineWave Venture's efforts on fundraising and internal company management. During this time, plaintiff led due diligence on investments, and led engagement with executives and key company management at all portfolio companies. These efforts included attending portfolio company board meetings, making introductions for portfolio companies for business development purposes, and directly sourcing partners and investors for portfolio companies.

**SineWave Ventures Fund I Structure and Payout Features**

28.    SineWave Ventures Fund I is structured such that all of the invested capital by Limited Partners in SineWave Ventures Fund I must be fully repaid to the Limited Partners before any potential profits can be distributed to any parties. In the event of repayment of all of SineWave Ventures Fund I Limited Partners' committed capital to the Limited Partners and if there are subsequent profits from SineWave Ventures Fund I investments, SineWave Ventures Fund I Limited Partners will receive approximately 80% of these investment profits and the management company representing the General Partners (*i.e.*, SineWave Ventures GP) will receive approximately 20% of these investment profits. In the event of receiving such profits, SineWave

Ventures GP, LLC would then distribute agreed upon amounts to the participating members of SineWave Ventures Fund I.

**Sidecar Investments**

29.     During plaintiff's time with SineWave Ventures, there were multiple investments that were funded by independently raised special purpose investment vehicles, *i.e*., "Sidecar Investments." These Sidecar Investments are eligible for payment of profits to SineWave Ventures participating members, including plaintiff.

30.     SineWave Ventures and SineWave Ventures GP were directly responsible for originating these Sidecar Investments, including all due diligence and investment decisions. The investment processes by SineWave Ventures for the Sidecar Investments were identical in practice and scope to other investments conducted by SineWave Ventures and SineWave Ventures GP that were funded by SineWave Ventures Fund I.

31.     Plaintiff led the pre-investment due diligence efforts on behalf of SineWave Ventures Fund I for the Sidecar Investments, including all direct interaction with companies' executives and managers, companies' partners and customers, and existing investors in these companies.

32.     There were three specific companies that were funded by separately raised Sidecar Investments as a result of plaintiff's extensive due diligence efforts. The initial Sidecar Investment of a specific amount was funded by SineWave Ventures Direct 1 on or around June 5, 2015 in a machine learning software and services company. The second Sidecar Investment for a specific amount was funded by SineWave Ventures Direct 2 on or around February 18, 2016 in an open source software and services company. A subsequent investment in this same San Francisco company was also made by SineWave Ventures Direct 2A on or around September 20, 2021.

Finally, a series of multiple Sidecar Investments in specific amounts were made in a cyber security software and services company. These investments were funded by SineWave Ventures Direct 3 on or around January 25, 2017, SineWave Ventures Direct 3A on or around February 19, 2020, and SineWave Ventures Direct 3B on or around December 17, 2020.

33.    In addition to the Sidecar Investments in the cyber security company, noted in Paragraph 32 above, SineWave Ventures GP, LLC also made direct investments in this same company that were funded by SineWave Ventures Fund I, L.P.; these investments were in specific amounts that occurred on or around October 13, 2015 and on or around January 25, 2017. Plaintiff led all pre-investment diligence and post-investment business development efforts on behalf of SineWave in this cyber security company. These efforts were fruitful for this portfolio company and provided SineWave with the ability to best assess subsequent pro-rata investments and additional investments in this company through sidecars SineWave Ventures Direct 3, SineWave Ventures Direct 3A and SineWave Ventures Direct 3B.

34.    Plaintiff was materially responsible for both of the investments by SineWave Ventures Fund I and SineWave Ventures Direct 3 in the Mountain View, CA cyber security company in January 2017 which increased SineWave Ventures pro-rata investment amount and respective pro-rata investment rights going forward, which enabled the subsequent investments at a higher pro-rata percentage share of ownership by SineWave Ventures GP in this same Mountain View, CA cyber security company via Sidecar Investments SineWave Ventures Direct 3A and SineWave Ventures Direct 3B.

**Plaintiff's Meetings in the District of Columbia in Connection With All the Defendants**

35.    At various times during Plaintiff's efforts to support SineWave Ventures Fund I, SineWave Ventures GP, SineWave Ventures Direct 1, SineWave Ventures Direct 2, SineWave

Ventures Direct 2A, SineWave Ventures Direct 3, SineWave Ventures Direct 3A, and SineWave
Ventures Direct 3B, plaintiff met at various locations in Washington, D.C. with Yanev Suissa and
other individuals affiliated with SineWave Ventures.

36.    During plaintiff's time with SineWave Ventures, there were regular meetings in
Washington, D.C. for company development purposes, fundraising meetings, and interview meetings
for potential hires. SineWave Ventures Fund I core company documents—fund marketing documents,
fund placement memorandum documents—were created on multiple occasions in group settings in
Washington, D.C.

37.    Both plaintiff and defendant Suissa were residents of Washington, D.C. during the
entire duration of plaintiff's employment by SineWave Ventures from 2014-2017.  There were regular
meetings held in Washington, D.C. based locations that were in convenient proximity to both of their
residences. In 2014 and 2015, regular meetings were held at Washington, D.C. based hotels where
multiple SineWave employees would collectively work on the SineWave Ventures Fund I offering
documents and marketing materials. These regular meetings were specifically held at the following
Washington, D.C. locations: Mayflower Hotel, Washington Hilton Hotel, and the Jefferson Hotel. In
2015 and 2016, there were also frequent business development meetings for SineWave Ventures and
SineWave Ventures Fund I with only the plaintiff and defendant Suissa to discuss internal company
operations and ongoing fundraising efforts. These meetings occurred at the following Washington,
D.C. locations in close proximity to both of their residences: Kramers Bookstore Café (Dupont Circle),
James Hoban's (Dupont Circle), Raku (Dupont Circle), Le Pain Quotidien (Penn Quarter), and at
defendant Suissa's previous residence on Corcoran Street NW (near Dupont Circle).

38.    In 2015 and 2016, plaintiff also conducted multiple interview meetings with potential
candidates to join the SineWave Ventures team which occurred at the following Washington, D.C.

locations: Circa (Dupont Circle), Le Pain Quotidien (Dupont Circle), and Iron Gate Restaurant (Dupont Circle/Farragut).   In addition, in 2015 and 2016, plaintiff had numerous meetings for fundraising purposes for SineWave Ventures Fund I in several Washington, D.C. based locations, including: Le Pain Quotidien (Georgetown), Four Seasons (Georgetown), Ritz Carlton Hotel (West End), Paul Café (Georgetown), Paul Café (Farragut Square).

**Employment Agreement No. 2**

39.    Plaintiff entered into a supplemental employment agreement with SineWave Ventures in a document signed by plaintiff in Washington, D.C. and dated December 26, 2016 ("Employment Agreement No. 2"). In this agreement, plaintiff was entitled to, *inter alia*, an annual base salary of $165,000, plus he was awarded a specific percentage of the Carry Interest in SineWave Ventures Fund I. Subsequent to this, plaintiff signed the SineWave Venture Fund I Participation Plan, LLC Agreement (the "SWV Participation Plan Agreement") on January 1, 2017. This agreement also states that plaintiff is awarded a specific number of "Membership Interests," which also reflects plaintiff's specific percentage of the Carry Interests in SineWave Ventures Fund I. This January 1, 2017 agreement also states that a certain percentage of plaintiff's specific Carry Interests were fully vested as of January 1, 2017, while the remaining percentage of Carry Interests was to vest according to a 10-year vesting schedule set forth in the SWV Participation Plan Agreement, beginning on annual anniversaries of January 1, 2017, with the initial vesting period to occur on or around January 1, 2018.[2]

40.    At various times during plaintiff's efforts to fulfill his responsibilities under Employment Agreement No. 2, plaintiff met at various locations in Washington, DC with Yanev

---

[2]  The actual amounts of plaintiff's "Membership Interests" and percentages of Carry Interests are intentionally omitted from this pleading because that information may be protected under a confidentiality agreement between and among the parties.  Plaintiff will disclose such information upon the entry of an appropriate protective order by the Court.

Suissa, other individuals affiliated with SineWave Ventures, and third parties including potential investors.

41.    Plaintiff's efforts were materially instrumental in raising monies for the SineWave Ventures Fund I, the overall management of SineWave Ventures Fund I and direct investments made by SineWave Ventures Fund I, as well as SineWave Venture's direct Sidecar Investments in multiple early-stage companies via special purpose investment vehicles.

42.    On February 10, 2017, plaintiff was informed by Yanev Suissa that he was being terminated by SineWave Ventures. In a draft and unsigned agreement entitled, "Separation Agreement," received by plaintiff on or around February 15, 2017, SineWave Ventures and Yanev Suissa stated that "Employer believes it has grounds to terminate the Employee's employment for cause as that term is defined in Employee's Employment Agreement and the SWV Participation Plan Agreement. Whereas Employer and Employee wish to part on amicable terms . . . ."  No further details were provided by Yanev Suissa or SineWave as to the basis for termination.

43.    This so-called "Separation Agreement" document was never signed by any of the parties nor otherwise approved by plaintiff.

44.    None of the defendants articulated the basis for termination for cause.  Plaintiff fulfilled all of his responsibilities and obligations under Employment Agreement No. 2, thus there was no basis for termination for cause set forth in Section 5.2 of Employment Agreement No. 2. As such, defendants terminated plaintiff without cause.

45.    Pursuant to the SWV Participation Plan Agreement, because plaintiff was terminated without cause or otherwise "departed for good reason," "such Member's [plaintiff's] then unvested Carry Interests shall immediately vest, such Member [plaintiff] shall retain all of his

or her vested Carry Interests, and the Company will have the right to purchase the vested Carry Interests of such Member [plaintiff] on the terms and conditions set forth in Article 6.4."

46.    Employment Agreement No. 2 states that this Employment Agreement can only be modified under specific conditions. Specifically, in Section 10.2, it is stated that "This Agreement may be modified only upon the express written consent of both of the parties hereto, which consent must be signed by a qualified officer of THE COMPANY and THE EMPLOYEE, and which must expressly reference this Agreement." Because neither party consented to the modification of Employment Agreement No. 2 by way of a signed Separation Agreement, that Separation Agreement, nor any other purported modification to Employment Agreement No. 2, is valid.

47.    In order for the remuneration forfeiture clause of the SWV Participation Plan Agreement to be valid (Section 6.2(a)), there would need to have been some basis for 'termination for cause' directly related to the plaintiff. This was never done by Yanev Suissa, anyone at SineWave Ventures, or any other party acting on behalf of SineWave Ventures, including the corporate defendants.

**Defendants' Partial Payment to Plaintiff in 2020 and the Parties' Ongoing Discussions Regarding Additional Payments Due and Owing in 2021**

48.    SineWave Ventures Fund I has a 10-year duration, during which time SineWave Ventures GP may utilize SineWave Ventures Fund I Limited Partner investor capital for investments and to pay operational expenses of SineWave Ventures LLC. The 10-year period for SineWave Ventures Fund I began at the time of the first closing of SineWave Ventures Fund I on April 15, 2015. SineWave Ventures Fund I will continue as a going concern until at least April 14, 2025.

49.    It is common for investment returns from an early stage venture fund like SineWave Ventures Fund I to occur 5-7 years after the initial close of the investment fund. Any member of the SineWave Ventures Fund I Participation Plan, SineWave Ventures General Partnership, and all

relevant SineWave Direct Sidecar Investments is only eligible to receive potential distributions from investment profits after all of the SineWave Ventures Fund I Limited Partner investors and SineWave Ventures Direct Sidecar investors were repaid all of the amounts they previously contributed, including both capital for investments and for fees.

50.    Given plaintiff's Carry Interest Membership Interests in SineWave Ventures Fund I and several SineWave Ventures Direct Sidecar Investments, it was reasonable for plaintiff to believe that investment exits and potential profits may occur after 5-7 years (*i.e*., beginning in or around 2020) from the initial close (April 15, 2015) of the 10-year SineWave Ventures Fund I and subsequent SineWave Ventures Direct Sidecar Investments.

51.    On August 24, 2020,plaintiff was informed by email from another General Partner at SineWave Ventures that plaintiff would be receiving a distribution of a nominal amount, which apparently are proceeds from the partial sale of one of the Sidecar Investments made by SineWave Ventures during plaintiff's employment. It was related to the plaintiff in the aforementioned email on August 24, 2020 that his distribution is allegedly reflective of plaintiff's fully vested certain percentage of Carry Interests SineWave Ventures GP. This distribution was subsequently sent to plaintiff on August 27, 2020 for a specific amount reflective of plaintiff's Carry Interest in SineWave Ventures Fund I Participation Plan.

52.    Defendants' nominal payment for the partial sale of one of the Sidecar Investments in August 2016 is a significant underpayment with respect to what is owed to plaintiff as it should have reflected the fully vested Carry Interest instead of the nominal and lesser payment reflecting the lower certain percentage paid by defendants to plaintiff.

53.    Upon information and belief, plaintiff became aware of a SineWave Ventures Fund I portfolio company's pending independent public offering in June 2021. This company was one in

which plaintiff had been directly involved and in which he materially contributed while employed by SineWave Ventures. Upon further information and belief, the values of the SineWave Ventures GP investments in this specific portfolio company had increased to a level that was much greater than all of SineWave Ventures Fund I Limited Partner investors invested capital and management fees paid to SineWave Ventures GP.

54.    The financial values of all of the Sidecar Investments in this portfolio company had also significantly increased. In both the Fund I investments and relevant Sidecar Investments in this portfolio company, after returning Limited Investors invested capital and management fees paid, there would be a significant amount of financial profit available to SineWave Ventures GP, and a specific percentage of this financial amount would be eligible for distribution to the SineWave Ventures Fund I Participation Plan, including the plaintiff. Based on this, in June 2021, plaintiff initiated communication efforts with defendant Suissa to discuss plaintiff's Carry Interest holdings and Carry Interest percentage in this and other SineWave Ventures investments. In subsequent emails and phone discussions in July through October 2021, plaintiff and defendant Suissa discussed plaintiff's specific ownership percentage in SineWave Ventures Fund I and relevant Sidecar Investments.

55.    To date, with the exception of the nominal payment in August 2020, defendants have failed to pay plaintiff any money due and owing to plaintiff with respect to plaintiff's Employment Agreement No. 2.

**Defendant Suissa's Control Over All Corporate Entity Defendants**

56.    Defendant Suissa exercised complete control over all aspects of all the corporate defendants during the relevant time period detailed in this Complaint.

57.    Defendant Suissa was the sole member of the SineWave Ventures team in which Suissa was a member of the Management Committee of the SineWave Ventures GP. Defendant Suissa was

the Managing Member of this Management Committee of the SineWave Ventures General Partnership LP. This Management Committee of the General Partnership controls the allocation of investor capital for both investment transactions and for business operating expenses.

58.    Defendant Suissa controlled all aspects of the corporate entity defendants, including but not limited to, capital allocation and hiring and firing decisions, and there was little to no transparency or visibility provided on these matters to plaintiff.

59.    Defendant improperly used his control over all the corporate entity defendants to breach Employment Agreement No. 2 and the SineWave Ventures Fund I Participation Plan, and other otherwise to unjustly deprive plaintiff of remuneration due and owing thereunder, as well as unjust deprive plaintiff of remuneration due and owing related to SineWave Ventures Fund I, SineWave Ventures GP and SineWave Ventures Direct 1, SineWave Ventures Direct 2, SineWave Ventures Direct 2A, SineWave Ventures Direct 3, SineWave Ventures Direct 3A, and SineWave Ventures Direct 3B.

## CLAIMS FOR RELIEF

**Count One Against Defendants SineWave Ventures, LLC and Yanev Suissa – Breach of Employment Contract No. 2**

60.    Plaintiff hereby realleges and incorporates by reference all allegations in the preceding paragraphs.

61.    Plaintiff and the defendants Yanev Suissa and SineWave Ventures entered into a valid and binding employment agreement (Employment Contract No. 2) for services rendered by plaintiff to defendants Yanev Suissa, SineWave Ventures and SineWave Ventures Fund I.

62.    Plaintiff duly rendered the services contemplated by that employment agreement.

63.    Defendants breached the employment agreement by failing to pay amounts due in accordance with the terms set forth therein.

64.    The unpaid balance of defendants' contractual obligation to plaintiff is in excess of $25,000,000.

### Count Two Against All Defendants – Breach of SineWave Ventures Fund I Participation Plan

65.    Plaintiff hereby realleges and incorporates by reference all allegations in the preceding paragraphs.

66.    Plaintiff and the defendants Yanev Suissa, SineWave Ventures, SineWave Ventures Fund I, and SineWave Ventures GP entered into a valid and binding agreement (SineWave Ventures Fund I Participation Plan) for services rendered by plaintiff to defendants Yanev Suissa, SineWave, SineWave Ventures Fund I, SineWave Ventures GP and SineWave Ventures Direct 1, SineWave Ventures Direct 2, SineWave Ventures Direct 2A, SineWave Ventures Direct 3, SineWave Ventures Direct 3A, and SineWave Ventures Direct 3B.

67.    Plaintiff duly rendered the services contemplated by that agreement.

68.    Defendants breached the agreement by failing to pay amounts due in accordance with the terms set forth therein.

69.    The unpaid balance of defendants' contractual obligation to plaintiff is in excess of $25,000,000.

### Count Three Against All Defendants – Quantum Meruit

70.    Plaintiff hereby realleges and incorporates by reference all allegations in the preceding paragraphs.

71.    Plaintiff and the defendants Yanev Suissa, SineWave Ventures, SineWave Ventures Fund I, and SineWave Ventures GP entered into a valid and binding agreements for

services rendered by plaintiff to defendants Yanev Suissa, SineWave Ventures, SineWave Ventures Fund I, SineWave Ventures GP, and SineWave Ventures Direct 1, SineWave Ventures Direct 2, SineWave Ventures Direct 2A, SineWave Ventures Direct 3, SineWave Ventures Direct 3A, and SineWave Ventures Direct 3B.

72.    Plaintiff duly rendered the services contemplated by those agreements.

73.    Defendants breached the agreements by failing to pay amounts due in accordance with the terms set forth therein.

74.    If the Court does not find for plaintiff in Counts One and/or Two, plaintiff pleads in the alternative that it is entitled to recover from defendants in quantum meruit.

75.    The value of the uncompensated services is in excess of $25,000,000.

**Count Four Against All Defendants – Unjust Enrichment**

76.    Plaintiff hereby realleges and incorporates by reference all allegations in the preceding paragraphs.

77.    Plaintiff and the defendants Yanev Suissa, SineWave Ventures, SineWave Ventures Fund I, and SineWave Ventures GP entered into a valid and binding agreements for services rendered by plaintiff to defendants Yanev Suissa, SineWave Ventures, SineWave Ventures Fund I, SineWave Ventures GP, and SineWave Ventures Direct 1, SineWave Ventures Direct 2, SineWave Ventures Direct 2A, SineWave Ventures Direct 3, SineWave Ventures Direct 3A, and SineWave Ventures Direct 3B.

78.    Plaintiff duly rendered the services contemplated by those agreements.

79.    Defendants breached the agreements by failing to pay amounts due in accordance with the terms set forth therein.

80.     If the Court does not find for plaintiff on Counts One, Two and/or Three, plaintiff pleads in the alternative that it is entitled to recover from defendants for unjust enrichment. Plaintiff performed services in exchange for payment.  Defendants benefitted from these services, but did not pay for them.

81.     Defendants have been unjustly enriched (and plaintiff has suffered a corresponding loss) on account of these uncompensated services in the amount in excess of $25,000,000.


### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests entry of judgment against defendants for damages in excess of $25,000,000, for interest from the date of judgment per D.C. Code 15-109, plus costs of action, and for such other and further relief as this Court deems just and proper.


### JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated:  April 5, 2022


                                         /s/ Benjamin W. Massarsky
                                        **MILLER FRIEL, PLLC**
                                        Benjamin W. Massarsky, Esq., DC Bar No. 1006937
                                        2445 M Street, N.W.
                                        Suite 910
                                        Washington, D.C. 20037
                                        Tel: (202) 760-3160
                                        Fax: (202) 459-9537
                                        massarskyb@millerfriel.com

                                        *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this 5th day of April, 2022. a true copy of the foregoing FIRST AMENDED COMPLAINT was filed electronically using the CM/ECF system, which will send notification to all counsel of record.

/s/ Benjamin W. Massarsky      
Benjamin W. Massarsky
